

25 Melville Park Road, Suite 235
Melville, New York 11747
(631) 352-0050
pjf@fwlawpllc.com

November 22, 2021

*__Via ECF__*
Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

> Re:   Nicolas Speranza v. TEKsystems, et. al.
>         EDNY Docket No.: 21 CV 04199 (JMW)

Dear Magistrate Judge Wicks:

This office represents the Plaintiff, Nicolas Speranza.  I am pleased to report that the parties have reached an agreement to settle this case in its entirety.  As the case involves claims arising from the Fair Labor Standards Act ("FLSA"), the parties submit this motion seeking the Court's approval of the settlement, which is attached hereto as Exhibit 1.  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

As set forth below, the settlement should be approved because it fairly compensates Plaintiff for alleged withheld overtime wages, and the proposed payment of less than one-third attorneys' fees is widely accepted as reasonable in an FLSA action.

### The Allegations and Defenses

Defendant, TEKsystems, Inc., ("TEK") is engaged in the business of information technology staffing and services, and Defendant, Excell Communications, Inc. ("Excell") is a project management firm with expertise in the development and installation of network infrastructure for the wireless, fiber and utility industries.  Compl. ¶¶ 8, 10.  TEK and Excell are employers under the FLSA and NYLL, engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).  Allegations of such interstate commerce include but are not limited to the use of fiber optic cable, equipment and vehicles used to install the fiber optics and to build towers.  TEK and Excell each had gross yearly revenue of more than $500,000.00. Compl. ¶¶ 13, 16.

1

In October 2019, Excell engaged two staffing agencies, including TEK, to place linesmen on assignment for the project. Compl. ¶¶ 18, 19. On February 16, 2020, TEK recruiter Connor Slane hired Speranza and placed him on assignment at Excell as a Linesman. Upon his hire, Speranza agreed to a compensation package that included an hourly base pay of $18.00 per hour. Compl. ¶¶ 25, 26. Plaintiff alleges that he worked for TEK on assignment to Excell from February 16, 2020, through March 24, 2020, as a linesman responsible for installing and maintaining telecommunication transmission lines. Compl. ¶¶ 21, 22, 24.

Plaintiff was an hourly employee entitled to be paid overtime wages at the statutory rate of time and one-half his regular rate of pay for all hours worked over forty (40) hours in any workweek. Compl. ¶ 27. Plaintiff claims that he was not paid overtime wages despite working approximately fifteen hours of overtime per week. Compl. ¶¶ 28, 29, 31. Specifically, Plaintiff met his co-workers each workday at a warehouse operated by Excell at 111 Scott Avenue, Calverton, New York to pick up tools, equipment and rideshare to the job site at 911 Springs Fireplace Rd., East Hampton, New York. The average travel time between the two sites was approximately 1.5 hours each way. Compl. ¶¶ 33-36. Plaintiff claims that he was not compensated for the time spent traveling to and from different worksites, at the beginning and the end of the workday, and alleged that he is owed at least (3) hours of overtime pay at one and one-half the regular rate of pay (i.e., $18.00 x. 1.5 = $27.00 per hour), for each day he was employed with Defendants. Compl. ¶¶ 37-38. In total, Plaintiff alleges that he is owed 15 hours of overtime per week for 4 weeks or $2,020.00 (15 hours OT x $27.00 = $405.00 per week x 4 weeks or $2,020.00.

In its defense, TEK disputes that Plaintiff was not compensated for all the alleged overtime hours. While Speranza was still on assignment by TEK to Excell, he alerted a member of TEK's Employee Relations group that he had not been compensated for time traveling from the warehouse to the worksite and back. Employee Relations investigated Speranza's claims, including obtaining from him information about all hours for which he claimed he had not been paid. TEK paid Speranza an additional $1,782 in wages for the time he reported to Employee Relations. In addition, Plaintiff is party to a mutual arbitration agreement that requires him to assert any claims related to his employment by Aerotek or his assignment to Excell through an arbitration demand submitted to JAMS, rather than litigation in court.

In its defense, Excel contends it was not a joint employer with TEK. Excel did not employ Speranza as Excel did not, inter alia, control Plaintiff's work schedules or conditions of his employment, determine his rates or methods of payment, or maintain his employment records. Furthermore, Excel was also subject to the same arbitration agreement between Speranza and TEK Systems.

Plaintiff's counsel, counsel for Excell and counsel for TEK discussed Plaintiff's allegations at length, in a series of telephone calls and email exchanges, and agreed that

settlement would bring both sides certainty and a quick resolution, and so settlement would be in the best interests of all parties.

As settlement of the claims, Plaintiff has agreed to the total sum of $3,250.00, an amount considered reasonable by the parties, and satisfies Plaintiff's and Defendants' desire to end this litigation.  Of the $3,250.00 settlement payment, $2,000.00 shall be paid to Plaintiff, and $1,250.00 shall be paid to Famighetti & Weinick, PLLC for attorney's fees and costs.  See Exhibit 1, para. 1 passim.

In sum, the settlement amount compensates Plaintiff for a fair amount of his alleged actual damages.  It provides Plaintiff with a sum certain, instead of the questionable value of a paper judgment at some point in the future.  Accordingly, the settlement of $3,250.00 is fair and reasonable.

### The Settlement is Fair and Reasonable

Actions brought under the FLSA cannot be settled absent court or Department of Labor approval.  Cheeks, 796 F.3d at 206.  Courts should approve FLSA settlements which are fair and reasonable.  Delgado v. Tech. Institute of Amer., Inc., 2018 U.S. Dist. LEXIS 14839 (S.D.N.Y. Jan. 30, 2018).  The fairness and reasonableness of a settlement should be presumed in a litigated FLSA case.  Id. In further determining whether a settlement is fair and reasonable, courts should consider five factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. Mar. 30, 2015) (quotations omitted).

Here, the factors favor approving the settlement as proposed by the parties.  The settlement amount compensates Plaintiff for 100% of his alleged actual overtime damages and attorneys' fees and costs.  The settlement accounts for the risk that Plaintiff will not successfully prove entitlement to his full alleged damages.  Additionally, a settlement now will allow Defendants to divert funds from lawyers' fees anticipated to greatly accumulate as the litigation moved forward.  Thus, this settlement avoids anticipated burdens and expenses.  The settlement was negotiated at arm's-length by experienced employment attorneys, as both the undersigned and Defense counsels routinely handle employment cases, including those brought under the

FLSA.  Finally, there is no reason to suspect fraud or collusion and we represent to Your Honor that no such fraud or collusion has occurred here.

In sum, the settlement amount fairly and reasonably compensates Plaintiff for his alleged losses while also accounting for the risks and burdens of continued litigation.  Accordingly, we respectfully request that the Court approve the settlement.

### Attorneys' Fees Are Standard and Routinely Approved in the Manner Used Here

"Contingency fees of one-third in FLSA cases are routinely approved in this circuit." Delgado, 2018 U.S. Dist. LEXIS 14839, at *7 (citing numerous cases); See also Alvarez v. Sterling Portfolio Inv., L.P., 2017 U.S. Dist. LEXIS 206043, *10 (E.D.N.Y. Dec. 13, 2017) (noting courts in the EDNY approve fees of 1/3 because such rate "strikes a balance" between excessive fees and providing attorneys an incentive to take on cases).  While sometimes use of the "lodestar" method is appropriate to determine attorneys' fees and, indeed, the Second Circuit has guided District Courts to "crosscheck" attorneys' fees based on a percentage with a lodestar award, such is generally not the case in pre-trial FLSA settlements.  Alvarez, 2017 U.S. Dist. LEXIS 206043, *15.  Further, reimbursement of costs for filing fees and process server fees is considered reasonable.  Wenping Wang v. Masago Neo Asian, Inc., 2016 U.S. Dist. LEXIS 2016 U.S. Dist. LEXIS 132997, *10 (E.D.N.Y. Sept. 26, 2016).

Here, Plaintiff incurred costs of $400 for the EDNY filing fee.  Plaintiff and his counsel agreed to attorney's fees of 26% of the amount recovered. Based on the settlement amount of $3,250.00, Plaintiff's counsel is requesting approval of the $400.00 in costs and attorneys' fees of $850.00, which is 26% of the balance of the settlement fund after the costs.

### Conclusion

For the foregoing reasons, we respectfully request that the Court approve the parties' settlement.

Respectfully submitted,

*Peter J. Famighetti*

Peter J. Famighetti

CC:    Robert T. Szyba, Esq.
       Attorney for Defendants TEKsystem and Jay W. Alvather
       (Via ECF)

       Sean Chung, Esq.
       Attorney for Defendants Excell Communications and Zachary Hall
       (Via ECF)

4